BZS:mlw     14-12

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, | ) ) ) | |
| Plaintiff, | ) ) | No. |
| v. | ) ) | |
| COOK COUNTY, a body politic, TOM DART, individually and in his representative capacity as the Sheriff of Cook County, JOHN DOE, Individually and in his capacity as a Cook County Sheriff's deputy, | ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| EVA KURILO, M.D., JULIAN M.W. WILLIAMS, M.D., HOWARD PAUL, M.D., NISHAD NADKARI, M.D., WILLIAM WOOD, Ph.D., STEVEN SPENCER, MONICA ARGUNEDA, M.D., JANET RUDSINSKI, S.W., CHERY TOWNSED, R.N., and MUNTAZ FAROOQUI, M.D. | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Respondents in Discovery. | ) | |

## COMPLAINT AT LAW

## COUNT I - INDIVIDUAL LIABILITY UNDER 42 U.S.C. §1983

NOW COMES the plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE

NASH, a disabled person, by and through his attorneys, MOTHERWAY & NAPLETON, LLP,

and complaining of the defendants, COOK COUNTY, a body politic, TOM DART, individually

and in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, states:

1.      At all times herein mentioned, TOM DART, individually and in his representative capacity as the Sheriff of Cook County, was a governmental entity was a "person" within the meaning of 42 U.S.C. §1983.

2.      At all times relevant, TOM DART, individually and in his representative capacity as the Sheriff of Cook County, acted through its elected officials, employees, servants, and agents.

3.      At all times relevant, defendant, TOM DART, individually and in his representative capacity as the Sheriff of Cook County, employed correctional officers who supervised, detained and monitored the inmates in the Cook County Jail.

4.      At all times relevant, defendant, TOM DART, individually and in his representative capacity as the Sheriff of Cook County, was responsible for the operation of Cook County Jail and the hiring, training, and supervision of its employees and supervision of its detainees.

5.      At all times relevant, the defendants, JOHN DOE, individually and in his representative capacity as Cook County Sheriff's deputies, are persons within the meaning of 42 U.S.C. §1983.

6.      At all times relevant, the defendants, JOHN DOE, individually and in his representative capacity as the Sheriff of Cook County, acted under the under the color of the law while they performed their duties as Cook County Sheriff.

7.      On or about September 19, 2013, the defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook

County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, were required to follow internal policies and procedures regarding the placement of psychiatric inmates at the Cook County Jail.

8.      Cook County, a body politic, was and is the indemnitor of TOM DART, individually and in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in his representative capacity as a Cook County Sheriff's Deputy.

9.      On or about September 19, 2013, IRENE NASH, was transferred to the Cook County Jail.

10.     On or about September 19, 2013, IRENE NASH was housed with a violent offender after she was transferred to the Cook County Jail.

11.     The defendants knew or should have known that IRENE NASH was a psychiatric inmate.

12.     The defendants were required pursuant to the policy and procedure of the Cook County Jail to house IRENE NASH in a psychiatric section of Cook County Jail or in the alternative, not with a violent offender.

13.     September 19, 2013, the defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, intentionally, through deliberate indifference:

    a.      Failed to properly house IRENE NASH at the Cook County Jail;

    b.      Placed IRENE NASH with a known violent offender;

    c.      Did not house IRENE NASH in a psychiatric unit of the Cook County Jail;

    d.      Failed to properly protect IRENE NASH from violent offenders.

3

14. As a result of the intentional and deliberate indifference of the defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, IRENE NASH, was assaulted and beaten by the violent offender and had subsequent injuries.

15. On October 7, 2013, IRENE NASH was assaulted and beaten.

16. The defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, violated the rights of IRENE NASH under the 14th and 8th Amendments of the United States Constitution.

17. As a direct and proximate result of the acts or omissions of the defendants, IRENE NASH suffered severe and permanent injuries and experienced severe pain and suffering and emotional distress that adversely affects her physical and mental wellbeing.

WHEREFORE, plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, demands judgment against the defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Cook County, Law Division.

## COUNT II - WILFUL AND WANTON CONDUCT

NOW COMES the plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, by and through his attorneys, MOTHERWAY & NAPLETON, LLP, and complaining of the defendants, COOK COUNTY, a body politic, TOM DART, individually

4

an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, states:

1-13. Plaintiff repeats and realleges paragraphs 1 through 13 of Count I of this Complaint as if fully set forth herein.

14. On September 19, 2013, the defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, acted with an utter indifference and/or a conscious disregard for the safety of IRENE NASH, in one or more of the following respects:

a.   Failed to properly house IRENE NASH at the Cook County Jail;

b.   Placed IRENE NASH with a known violent offender;

c.   Did not house IRENE NASH in a psychiatric unit of the Cook County Jail;

d.   Failed to properly protect IRENE NASH from known violent offenders.

15. On October 7, 2013, IRENE NASH was assaulted and beaten.

16. As a direct and proximate result of the aforegoing wilful and wanton acts and/or omissions of the defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, IRENE NASH suffered pain and permanent injury.

WHEREFORE, plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, demands judgment against the defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies,

and each of them, in an amount in excess of the jurisdictional limits of the Circuit Court of Cook County, Law Division.

## RESPONDENTS IN DISCOVERY

Plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, hereby names EVA KURILO, M.D., JULIAN M.W. WILLIAMS, M.D., HOWARD PAUL, M.D., NISHAD NADKARI, M.D., WILLIAM WOOD, Ph.D., STEVEN SPENCER, MONICA ARGUNEDA, M.D., JANET RUDSINSKI, S.W., CHERY TOWNSED, R.N., and MUNTAZ FAROOQUI, M.D., as Respondents in Discovery pursuant to 735 ILCS 2-402.

Pursuant to Illinois Supreme Court Rule 222(b), the undersigned counsel for the plaintiff avers that the money damages herein sought exceed FIFTY THOUSAND ($50,000.00) DOLLARS.

Respectfully submitted,

BRADLEY Z. SCHULMAN
Attorney for plaintiff

MOTHERWAY & NAPLETON, LLP
140 S. Dearborn, Ste. 1500
Chicago, IL 60603
(312) 726-2699
Attorney No. 56421