

BZS:mlw     14-12

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, <br><br> Plaintiff, <br><br> v. <br><br> COOK COUNTY, a body politic, <br> TOM DART, individually and in his representative capacity as the Sheriff of Cook County, JOHN DOE, Individually and in his capacity as a Cook County Sheriff's deputy, <br> SHEILA RICE (INMATE NO. 2013090842) <br> EVA KURILO, M.D., <br> JANET RUDSINSKI, S.W., <br> CHERY TOWNSED, R.N., and <br> MUNTAZ FAROOQUI, M.D. <br><br> Defendants. | No.    14-CV-3502 <br><br> Judge Michael T. Mason <br><br> Magistrate Judge Andrea R. Wood |

## SECOND AMENDED COMPLAINT AT LAW

### COUNT I - INDIVIDUAL LIABILITY UNDER 42 U.S.C. §1983

NOW COMES the plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, by and through his attorneys, MOTHERWAY & NAPLETON, LLP, and complaining of the defendants, COOK COUNTY, a body politic, TOM DART, individually and in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, states:

1.     At all times herein mentioned, TOM DART, individually and in his representative capacity as the Sheriff of Cook County, was a governmental entity was a "person" within the meaning of 42 U.S.C. §1983.

2. At all times relevant, TOM DART, individually and in his representative capacity as the Sheriff of Cook County, acted through its elected officials, employees, servants, and agents.

3. At all times relevant, defendant, TOM DART, individually and in his representative capacity as the Sheriff of Cook County, employed correctional officers who supervised, detained and monitored the inmates in the Cook County Jail.

4. At all times relevant, defendant, TOM DART, individually and in his representative capacity as the Sheriff of Cook County, was responsible for the operation of Cook County Jail and the hiring, training, and supervision of its employees and supervision of its detainees.

5. At all times relevant, the defendants, JOHN DOE, individually and in his representative capacity as Cook County Sheriff's deputies, are persons within the meaning of 42 U.S.C. §1983.

6. At all times relevant, the defendants, JOHN DOE, individually and in his representative capacity as the Sheriff of Cook County, acted under the under the color of the law while they performed their duties as Cook County Sheriff.

7. On or about September 19, 2013, the defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, were required to follow internal policies and procedures regarding the placement of psychiatric inmates at the Cook County Jail.

8.     Cook County, a body politic, was and is the indemnitor of TOM DART, individually and in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in his representative capacity as a Cook County Sheriff's Deputy.

9.     On or about September 19, 2013, IRENE NASH, was transferred to the Cook County Jail.

10.    On or about September 19, 2013, IRENE NASH was housed with a violent offender after she was transferred to the Cook County Jail.

11.    The defendants knew or should have known that IRENE NASH was a psychiatric inmate.

12.    The defendants were required pursuant to the policy and procedure of the Cook County Jail to house IRENE NASH in a psychiatric section of Cook County Jail or in the alternative, not with a violent offender.

13.    September 19, 2013, the defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, intentionally, through deliberate indifference:

   a.   Failed to properly house IRENE NASH at the Cook County Jail;

   b.   Placed IRENE NASH with a known violent offender;

   c.   Did not house IRENE NASH in a psychiatric unit of the Cook County Jail;

   d.   Failed to properly protect IRENE NASH from violent offenders.

14.    As a result of the intentional and deliberate indifference of the defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County

Sheriff's deputies, and each of them, IRENE NASH, was assaulted and beaten by the violent offender and had subsequent injuries.

15. On October 7, 2013, IRENE NASH was assaulted and beaten.

16. The defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, violated the rights of IRENE NASH under the 14th and 8th Amendments of the United States Constitution.

17. As a direct and proximate result of the acts or omissions of the defendants, IRENE NASH suffered severe and permanent injuries and experienced severe pain and suffering and emotional distress that adversely affects her physical and mental wellbeing.

WHEREFORE, plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, demands judgment against the defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, in an amount in excess of $50,000.

## COUNT II - WILFUL AND WANTON CONDUCT

NOW COMES the plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, by and through his attorneys, MOTHERWAY & NAPLETON, LLP, and complaining of the defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, states:

1-13. Plaintiff repeats and realleges paragraphs 1 through 13 of Count I of this Complaint as if fully set forth herein.

14. On September 19, 2013, the defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, acted with an utter indifference and/or a conscious disregard for the safety of IRENE NASH, in one or more of the following respects:

    a. Failed to properly house IRENE NASH at the Cook County Jail;

    b. Placed IRENE NASH with a known violent offender;

    c. Did not house IRENE NASH in a psychiatric unit of the Cook County Jail;

    d. Failed to properly protect IRENE NASH from known violent offenders.

15. On October 7, 2013, IRENE NASH was assaulted and beaten.

16. As a direct and proximate result of the aforegoing wilful and wanton acts and/or omissions of the defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, IRENE NASH suffered pain and permanent injury.

WHEREFORE, plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, demands judgment against the defendants, COOK COUNTY, a body politic, TOM DART, individually an in his representative capacity as the Sheriff of Cook County, and JOHN DOE, individually and in their capacity as Cook County Sheriff's deputies, and each of them, in an amount in excess of $50,000.

**COUNT III - ASSAULT AND BATTERY/SHEILA RICE (INMATE NO. 2013090842)**

NOW COMES the plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, by and through his attorneys, MOTHERWAY & NAPLETON, LLP, and complaining of the defendant, SHEILA RICE (INMATE NO. 2013090842), states:

1. On October 6, 2013, the plaintiff, IRENE NASH, was lawfully on the premises in the Cook County Jail, City of Chicago, County of Cook, State of Illinois.

2. On October 6, 2013, the defendant, SHEILA RICE (INMATE NO. 2013090842), was also a detainee at the Cook County Jail, City of Chicago, County of Cook, State of Illinois.

3. On October 6, 2013, plaintiff, IRENE NASH and defendant, SHEILA RICE (INMATE NO. 2013090842) were cell mates.

4. On October 6, 2013, plaintiff, IRENE NASH was a non-violent offender.

5. On October 6, 2013, SHEILA RICE (INMATE NO. 2013090842) was a violent offender.

6. On October 6, 2013, defendant, SHEILA RICE (INMATE NO. 2013090842), did without provocation, wilfully and wantonly, commit an assault and battery on the plaintiff, IRENE NASH, to wit violently struck the plaintiff in the face and head area with her fist propelling the plaintiff backwards to hit her head on the wall and floor.

7. As a proximate result of the aforegoing assault and battery, plaintiff, IRENE NASH, was injured and suffered damages of a personal and pecuniary nature.

8. On October 6, 2013, it then and there became the duty of the defendant, SHEILA RICE (INMATE NO. 2013090842), to exercise ordinary care and not to cause injury to the plaintiff, IRENE NASH.

9. Notwithstanding the aforesaid duty, the defendant, SHEILA RICE (INMATE NO. 2013090842), negligently and carelessly struck the plaintiff in the head with her fist propelling the plaintiff backward and having her strike her head on the floor.

10. As a proximate result of the aforementioned negligence by the defendant, SHEILA RICE (INMATE NO. 2013090842), the plaintiff was injured and suffered damages of a personal and pecuniary nature.

WHEREFORE, plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, demands judgment against the defendant, SHEILA RICE (INMATE NO. 2013090842) in an amount in excess of $50,000.

**COUNT IV - PROFESSIONAL NEGLIGENCE/EVA KURILLO, M.D.**

NOW COMES the plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, by and through his attorneys, MOTHERWAY & NAPLETON, LLP, and complaining of the defendant, EVA KURILLO, M.D., states:

1. At all times herein mentioned, the defendant, EVA KURILLO, M.D., was a physician licensed to practice medicine in the State of Illinois and she specialized in psychiatry.

2. On September 5, 2013, defendant, EVA KURILLO, M.D., performed a fitness evaluation of IRENE NASH.

3. At the time of the aforementioned fitness evaluation, IRENE NASH had delusional beliefs with fluctuating grandiosity and some delusional behavior.

4. Defendant, EVA KURILLO, M.D., deemed IRENE NASH ready to stand trial and approved a transfer to the Cook County Jail.

5.      In the fitness evaluation and/or discharge plan, defendant, EVA KURILLO, M.D., did not specify what unit IRENE NASH should have been housed in or whether she should be placed in isolation or without a roommate.

6.      On September 13, 2014, defendant, EVA KURILLO, M.D., was negligent in one or more of the following respects:

    a.    Inappropriately discharged IRENE NASH to the Cook County Jail;

    b.    Failed to develop a proper discharge plan;

    c.    Failed to ensure that IRENE NASH was placed in an appropriate psychiatric ward of the Cook County Jail;

    d.    Failed to ensure that IRENE NASH was placed in isolation outside the general population;

    e.    Failed to ensure that IRENE NASH was not housed with a known violent offender.

7.      As a proximate result of the aforementioned negligence by the defendant, EVA KURILLO, M.D., the plaintiff, IRENE NASH was injured and suffered damages of a personal and pecuniary nature.

8.      Attached hereto and made part hereof is an Affidavit in compliance with 735 ILCS 5/2-622.

WHEREFORE, plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, demands judgment against the defendant, EVA KURILLO, M.D. in an amount in excess of $50,000.

**COUNT V - PROFESSIONAL NEGLIGENCE/CHERYL TOWNSEND, R.N.**

NOW COMES the plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, by and through his attorneys, MOTHERWAY & NAPLETON, LLP, and complaining of the defendant, CHERYL TOWNSEND, R.N., states:

1. At all times herein mentioned, the defendant, CHERYL TOWNSEND, R.N. was a registered nurse licensed to practice medicine in the State of Illinois.

2. On September 5, 2013, defendant, CHERYL TOWNSEND, R.N. performed a fitness evaluation of IRENE NASH.

3. At the time of the aforementioned fitness evaluation, IRENE NASH had delusional beliefs with fluctuating grandiosity and some delusional behavior.

4. Defendant, CHERYL TOWNSEND, R.N. deemed IRENE NASH ready to stand trial and approved a transfer to the Cook County Jail.

5. In the fitness evaluation and/or the discharge plan, defendant, CHERYL TOWNSEND, R.N. did not specify what unit IRENE NASH should have been housed in or whether she should be placed in isolation or without a roommate.

6. On September 13, 2014, defendant, CHERYL TOWNSEND, R.N. was negligent in one or more of the following respects:

   a. Inappropriately discharged IRENE NASH to the Cook County Jail;

   b. Failed to develop a proper discharge plan;

   c. Failed to ensure that IRENE NASH was placed in an appropriate psychiatric ward of the Cook County Jail;

   d. Failed to ensure that IRENE NASH was placed in isolation outside the general population;

   e. Failed to ensure that IRENE NASH was not housed with a known violent offender.

7. As a proximate result of the aforementioned negligence by the defendant, CHERYL TOWNSEND, R.N., the plaintiff, IRENE NASH was injured and suffered damages of a personal and pecuniary nature.

8. Attached hereto and made part hereof is an affidavit in compliance with 735 ILCS 5/2-622.

WHEREFORE, plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, demands judgment against the defendant, CHERYL TOWNSEND, R.N. in an amount in excess of $50,000.

## COUNT VI - PROFESSIONAL NEGLIGENCE/JANET RUDSINSKI, LSW

NOW COMES the plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, by and through his attorneys, MOTHERWAY & NAPLETON, LLP, and complaining of the defendant, JANET RUDSINSKI, LSW, states:

1. At all times herein mentioned, the defendant, JANET RUDSINSKI, LSW, was a licensed social worker in the State of Illinois.

2. On September 5, 2013, defendant, JANET RUDSINSKI, LSW, performed a fitness evaluation of IRENE NASH.

3. At the time of the aforementioned fitness evaluation, IRENE NASH had delusional beliefs with fluctuating grandiosity and some delusional behavior.

4. Defendant, CHERYL TOWNSEND, R.N. deemed IRENE NASH ready to stand trial and approved a transfer to the Cook County Jail.

5. In the fitness evaluation and/or the discharge plan, defendant, JANET RUDSINSKI, LSW, did not specify what unit IRENE NASH should have been housed in or whether she should be placed in isolation or without a roommate.

6. On September 13, 2014, defendant, JANET RUDSINSKI, LSW, was negligent in one or more of the following respects:

 a. Inappropriately discharged IRENE NASH to the Cook County Jail;

 b. Failed to develop a proper discharge plan;

  c. Failed to ensure that IRENE NASH was placed in an appropriate psychiatric ward of the Cook County Jail;

  d. Failed to ensure that IRENE NASH was placed in isolation outside the general population;

  e. Failed to ensure that IRENE NASH was not housed with a known violent offender.

  7. As a proximate result of the aforementioned negligence by the defendant, JANET RUDSINSKI, LSW, the plaintiff, IRENE NASH was injured and suffered damages of a personal and pecuniary nature.

  8. Attached hereto and made part hereof is an affidavit in compliance with 735 ILCS 5/2-622.

  WHEREFORE, plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, demands judgment against the defendant, JANET RUDSINSKI, LSW, in an amount in excess $50,000.

**COUNT VII - PROFESSIONAL NEGLIGENCE/MUMTAZ FAROOQUI, Ph.D.**

  NOW COMES the plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, by and through his attorneys, MOTHERWAY & NAPLETON, LLP, and complaining of the defendant, MUNTAZ FAROOQUI, Ph.D., states:

  1. At all times herein mentioned, the defendant, MUNTAZ FAROOQUI, Ph.D., was involved in the discharge planning of IRENE NASH.

  2. On September 5, 2013, defendant, MUNTAZ FAROOQUI, Ph.D., and performed a fitness evaluation of IRENE NASH.

  3. At the time of the aforementioned fitness evaluation, IRENE NASH had delusional beliefs with fluctuating grandiosity and some delusional behavior.

4. Defendant, MUNTAZ FAROOQUI, Ph.D. deemed IRENE NASH ready to stand trial and approved a transfer to the Cook County Jail.

5. In the fitness evaluation and/or the discharge plan, defendant, MUNTAZ FAROOQUI, Ph.D., did not specify what unit IRENE NASH should have been housed in or whether she should be placed in isolation or without a roommate.

6. On September 13, 2014, defendant, MUNTAZ FAROOQUI, Ph.D., was negligent in one or more of the following respects:

   a. Inappropriately discharged IRENE NASH to the Cook County Jail;

   b. Failed to develop a proper discharge plan;

   c. Failed to ensure that IRENE NASH was placed in an appropriate psychiatric ward of the Cook County Jail;

   d. Failed to ensure that IRENE NASH was placed in isolation outside the general population;

   e. Failed to ensure that IRENE NASH was not housed with a known violent offender.

7. As a proximate result of the aforementioned negligence by the defendant, MUNTAZ FAROOQUI, Ph.D., the plaintiff, IRENE NASH was injured and suffered damages of a personal and pecuniary nature.

8. Attached hereto and made part hereof is an affidavit in compliance with 735 ILCS 5/2-622.

WHEREFORE, plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, demands judgment against the defendant, MUNTAZ FAROOQUI, Ph.D., in an amount in excess of $50,000.

Pursuant to Illinois Supreme Court Rule 222(b), the undersigned counsel for the plaintiff avers that the money damages herein sought exceed FIFTY THOUSAND ($50,000.00) DOLLARS.

Respectfully submitted,

/s/Bradley Z. Schulman
Attorney for plaintiff

MOTHERWAY & NAPLETON, LLP
140 S. Dearborn, Ste. 1500
Chicago, IL 60603
(312) 726-2699
Attorney No. 6285141

BZS:mlw    14-12

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   14-CV-3502 |
| COOK COUNTY, a body politic, TOM DART, individually and in his representative capacity as the Sheriff of Cook County, JOHN DOE, Individually and in his capacity as a Cook County Sheriff's deputy, SHEILA RICE (INMATE NO. 2013090842) EVA KURILO, M.D., JANET RUDSINSKI, S.W., CHERY TOWNSED, R.N., and MUNTAZ FAROOQUI, M.D. | ) ) ) ) ) ) ) ) ) ) ) ) | Judge Michael T. Mason<br><br>Magistrate Judge Andrea R. Wood |
| Defendants. | ) | |

## AFFIDAVIT

I, BRADLEY Z. SCHULMAN, an attorney, on oath states as follows:

1.   That I am the attorney representing the plaintiff, ROBERT NASH, Plenary Guardian of the Estate of IRENE NASH, a disabled person.

2.   I have consulted and reviewed the facts of this case with a licensed physician.

3.   I have reason to believe that the physician with whom I have consulted with this case on is:

   a)   Knowledgeable in the relevant issues involved in this particular action;

   b)   Board certified in the area of internal medicine;

   c)   Qualified by experience in the subject matter of this case.

4. The physician, after having reviewed the medical records, has determined in a written report there is a reasonable meritorious cause for the filing of this action.

5. I have concluded on the basis of the physician's review and consultation there is a reasonable and meritorious cause for the filing of this action.

FURTHER AFFIANT SAYETH NOT.

                Respectfully submitted,

                /s/ Bradley Z. Schulman
                *Attorney for plaintiff, Robert Nash*

MOTHERWAY & NAPLETON, LLP
140 S. Dearborn, Ste. 1500
Chicago, IL 60603
(312) 726-2699
ARDC No. 6285141

## MEDICAL REPORT

I am a physician licensed to practice medicine in the State of Illinois and I am board certified in internal medicine. I have been practicing for more than six (6) years and am knowledgeable about the pertinent issues in this case. I have been provided with the following medical records of Irene Nash: Cermak Health Services and H. Douglas Singer Mental Health Facility. Specifically, I have reviewed the fitness evaluation dated September 5, 2013 and the subsequent letter opining that the patient was restored to fitness and able to understand the nature of the charges and could assist in her defense. Based upon my review of said records, it is my opinion there is a reasonable and meritorious cause for the filing of an action against Eva Kurilo, M.D., Cheryl Townsend, R.N., Janet Rudsinski, LSW, and Mumtaz Farooqui, Ph.D. for the following reasons:

Ms. Nash is a 43 year old Caucasian single female who was unemployed and transferred from Elgin Mental Health Facility to Singer Mental Health Facility on October 25, 2012. She was deemed unfit to stand trial on charges of residential burglary and had not been restored to fitness as of Sept, 2013. As of January 5, 2013, Ms. Nash still had delusional beliefs, including delusional beliefs that she owned the property where she committed the crime. She had a long history of schizophrenia and was on psychotropic medication, including Ceraquil and valpuric acid. Based upon the fitness report, while her delusions had subsided, there were still some fluctuating grandiosity and some delusional behavior.

According to the fitness report Ms. Nash was improved. It was, however, a deviation from the standard of care for Eva Kurilo, M.D., Cheryl Townsend, R.N., Janet Rudsinski, LSW, and Mumtaz Farooqui, Ph.D. to to discharge Ms. Nash to the Cook County Jail. If they were going to discharge this patient, which they should not have done, aforementioned healthcare

providers should have ensured that Ms. Nash was placed in an appropriate psychiatric ward of Cook County Jail, placed in isolation (outside of the general population) and certainly not housed with another known violent offender. It is well known within the medical community that schizophrenics can give the appearance of fitness one day and revert to delusional and schizophrenic behavior the next. The behavior of a person like Ms. Nash can be unpredictable and can change on a day to day basis. For that reason, Ms. Nash should have been kept in a psychiatric ward and if she was discharged, should not have be housed as she was at the Cook County jail.

Based upon my review of the records, it is also my understanding that Ms. Nash was housed with and assaulted by a known violent offender. Clearly, if she had been put in isolation and/or kept at the mental health facility, the assault on Ms. Nash would not have occurred. For this reason, the deviations from the standard of care from the aforementioned healthcare providers caused injury to Ms. Nash that are permanent in nature.